```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

SUCCESS SYSTEMS, INC.,         )
     Plaintiff,                )
                               )
        v.                     )    No. 10-mc-10299-MLW
                               )
ANTOINE KARAM,                 )
     Defendant.                )
```

                          MEMORANDUM AND ORDER

WOLF, D.J.                                          August 24, 2011

On September 2, 2010, plaintiff Success Systems, Inc. registered with this court a default judgment entered in the District of Connecticut against defendant Antoine Karam. On July 12, 2011, defendant filed a motion in this court to vacate the default judgment. On July 18, 2011, the court ordered the parties to submit memoranda by July 25, 2011, addressing whether the court has the authority to vacate a default judgment entered in another jurisdiction. With the court's permission, defendant submitted his memorandum on August 4, 2011.

Although Federal Rule of Civil Procedure 60(b) permits a court to set aside a final judgment in certain circumstances, "[t]he customary court in which to attack a judgment is the one that rendered it." Carteret Sav. & Loan Ass'n v. Jackson, 812 F.2d 36, 39 (1st Cir. 1987); see also Indian Head Nat. Bank of Nashua v. Brunelle, 689 F.2d 245, 248-49 (1st Cir. 1982). "[T]he rendering court ordinarily will be far more familiar with the case and with the circumstances that are said to provide grounds for relief from the judgment." 11 Charles A. Wright, et al., Federal Practice &

Procedure §2865 (2d ed. 1995). "Accordingly, it is appropriate for the court in the district of registration to decline to pass on the motion for relief and to require the moving party to proceed in the court that gave judgment." Id.; see also Tommills Brokerage Co. v. Thon, 52 F.R.D. 200, 203 (D.P.R. 1971). In this case, Connecticut is a more convenient and appropriate forum to determine the merits of defendant's motion, given the long pendency of this case there and the fact that this case turns on a question of Connecticut law.

Accordingly, it is hereby ORDERED that plaintiff's Motion to Vacate Default Judgment and Emergency Motion to Stay Enforcement of Judgment (Docket No. 9) is DENIED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE